# In the

# United States Court of Appeals

## For the Seventh Circuit

No. 05-2380

UNITED STATES OF AMERICA,

*Plaintiff Appellee,*

*v.*

DARIUS WILLIAMS,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 04 CR 30130—**David R. Herndon**, *Judge.*

ARGUED DECEMBER 13, 2005—DECIDED FEBRUARY 3, 2006

Before BAUER, KANNE, and WILLIAMS, *Circuit Judges.*

KANNE, *Circuit Judge.* Darius Williams pleaded guilty to possessing a firearm following a felony conviction, 18 U.S.C. § 922(g)(1). The district court calculated a 30-37 month range under the Sentencing Guidelines and imposed a term of 30 months. Williams appeals his sentence because he believes that the district court did not properly consider his personal history and characteristics when it decided to stay within the guidelines range. Because the district court considered the factors set out in 18 U.S.C. § 3553(a) and the sentence it imposed is reasonably related to those factors, we affirm the sentence.

**I.**

Williams was pulled over by an Illinois State Police
Trooper after he "fail[ed] to yield to traffic," and the offi-
cer determined that the license plates on the car Williams
was driving were registered to another car. The officer
searched the car with Williams's consent and found a
gun. Williams initially denied owning the gun, but later
admitted buying it on the street. Because he had previously
been convicted of a felony, Williams was charged with being
a felon in possession of a firearm.

The PSR recommended a sentencing range of 30-37
months, but Williams objected, arguing that the guide-
line range did not adequately account for his unusually
difficult background, the seriousness of the offense, or the
unlikelihood that he would commit future offenses. He
argued that his situation included several powerful mitigat-
ing factors. In addition to growing up with an absentee
father and a drug-addicted mother, Williams's mother had
been brutally murdered by a serial killer when he was 16
years old. Further exacerbating this trauma, Williams was
forced to deal with extensive media coverage of the murder.
Additionally, Williams received his original felony convic-
tion during an extremely difficult time in his life; the first
anniversary of his mother's birthday after her death. And,
according to Williams, it was not a serious felony: he threw
a chair at a security guard at his high school who was
slightly injured. Williams also said he bought the gun to
protect his girlfriend and two children, whom he had been
working to support, after he had been car-jacked at gun-
point three months earlier.

During sentencing, the district court judge discussed
these mitigating facts, but nonetheless ruled that
Williams should be sentenced at the low end of the sentenc-
ing range under the guidelines. The judge stated that
Williams had "a tragic life," that he was not an "ordinary"

criminal defendant, and that he should be commended for "provid[ing] some stability for [his] children that perhaps he didn't even have in his own life," but he pleaded guilty to a serious crime and a sentence within the guideline's range of 30-37 months was appropriate. The judge therefore sentenced Williams to 30 months of imprisonment.

**II.**

On appeal, Williams argues that the guidelines range is only one of several factors listed in § 3553(a), and although the district court mentioned several of the other factors, it did not give them any meaningful consideration. A sentence within the guidelines range is presumptively reasonable, and this court reviews the district court's decision deferentially. *United States v. Cunningham*, 429 F.3d 673, 2005 WL 3029083, *1 (7th Cir. Nov. 14, 2005)*; United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Although a sentence within the guidelines range will rarely be unreasonable, a defendant can rebut the presumption by showing that the sentence is unreasonable in light of the factors in § 3553(a). *Mykytiuk*, 415 F.3d at 608.

This case is essentially identical to *United States v. (Amin) Williams*, 425 F.3d 478 (7th Cir. 2005), in which the defendant argued that the district court overstated his offense and did not fully account for his troubled childhood or his mental condition as mitigating factors when sentencing him to 115 months of imprisonment. In *Williams*, like in the present case, the defendant was a convicted felon who had been charged with possession of a firearm in violation of § 922(g)(1). *Williams*, 425 F.3d at 479. The defendant had been raised in "a very rough environment where most of the adults in his life were involved in criminal activity," and he suffered from mental illness. *Id.* at 480. He also contended that his "possession"

of the gun consisted of briefly holding it before handing it back to someone else, so it should not have been considered as serious as other types of possession offenses. *Id.* at 481. We stated that the question was not how we would have resolved the relevant factors, but "whether the district judge imposed the sentence he or she did for reasons that are logical and consistent with the factors set forth in section 3553(a)." *Id.* at 481. Assuming that the factors the defendant identified (a difficult childhood and psychological problems) would support imposing a sentence below the range specified by the guidelines, the factors did not require a lesser sentence. *Id.* We found that the district court considered the relevant factors under § 3553(a), and reasonably decided that the range specified by the guidelines was appropriate.

In this case, Darius Williams has identified similar (although possibly more traumatic) factors that he believes require a sentence below the guidelines range. The district court considered both Williams's background, and the nature of the offense. Nonetheless, the court decided that a sentence within the guidelines range would be appropriate not only to deter Williams from possessing a gun in the future, but to send a message to the community to stop carrying firearms. The court stated that the sentence was consistent with Congress's policy on guns and avoiding disparate sentences.

Williams has certainly had a difficult childhood, and despite that difficulty has, as his counsel points out, "achieved a modicum of stability highlighted by a surprising degree of personal responsibility." But this is not a case where the judge "passed over in silence the principal argument made by the defendant." *Cunningham*, 429 F.3d at 679. As in (*Amin*) *Williams*, the district court considered the relevant factors listed in § 3553(a), and reasonably determined that a sentence at the low end of the guidelines range was appropriate.

Finally, Williams contends in his reply brief that the presumption that a sentence within the guidelines range is reasonable conflicts with the majority holding in *United States v. Booker*, 543 U.S. 220 (2005), because it shifts the burden to the defendant to either disprove certain facts that support the sentence or prove mitigating facts. As a preliminary matter, the defendant has waived this argument because he presented it for the first time in his reply brief. *See Gable v. City of Chicago*, 296 F.3d 531, 538 (7th Cir. 2002); *Help at Home, Inc. v. Med. Capital*, 260 F.3d 748, 753 n.2 (7th Cir. 2001). In any event, we rejected this argument in *Mykytiuk*: "while a *per se* or conclusively presumed reasonableness test would undo the Supreme Court's merits analysis in *Booker*, a clean slate that ignores the proper guidelines range would be inconsistent with the remedial opinion." *Id.* at 607. Therefore, a rebuttable presumption that a sentence within the guideline's range is reasonable strikes the proper balance between these two considerations. *Id.* at 608.

Williams did not demonstrate that the sentence the district court imposed was unreasonable, and we AFFIRM the sentence.

A true Copy:

        Teste:

_____
*Clerk of the United States Court of Appeals for the Seventh Circuit*