UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued July 12, 2006
Decided July 26, 2006

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-2164

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> *v.* <br><br> EDDIE CARDONA, <br> *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division <br><br> No. 01 CR 649-1 <br><br> David H. Coar, <br> *Judge.* |

### O R D E R

Eddie Cardona was charged with six counts of distributing powder cocaine and crack, *see* 21 U.S.C. § 841(a)(1), and three counts of illegally possessing a firearm after a felony conviction, *see* 18 U.S.C. § 922(g)(1).  The district court granted Cardona's motion for a competency hearing but after further consideration ultimately concluded that Cardona was competent to stand trial.  Cardona pleaded guilty to one count of distributing crack, and the district court sentenced him to 168 months' imprisonment.  On appeal he challenges the reasonableness of his sentence, we disagree and affirm.

Before pleading guilty, Cardona argued that he was incompetent to stand trial. The district court considered medical reports and testimony about Cardona's mental capacity. Cardona's psychologist, Dr. Larry Small, performed several tests to measure Cardona's cognitive functioning and testified that he had an IQ "in the borderline intellectual range of abilities" and that his psychological immaturity made it easy for others to manipulate and persuade him to do things he did not want to do. Dr. Small later testified to his belief that Cardona would not be able to make independent decisions to assist his attorney in his own defense. The government's psychologist, Dr. Ronald Nieberding, agreed with Dr. Small regarding Cardona's low functionality but testified that he believed Cardona would be able to assist in his own defense. The district judge sided with the government and found that Cardona had the ability to overcome his low functionality and was competent to stand trial.

Cardona admitted that between July 2000 and April 2001 he sold powder cocaine, crack, and five guns to a cooperating government informant, but disagreed with the government's sentencing calculations. The probation officer calculated Cardona's offense level at 33 and assigned him a criminal history category of III. Cardona asserted that he qualified for a reduced sentence based first on his diminished capacity, which made him highly impressionable to others' suggestions, and secondly because he had two young daughters—one of whom had learning disabilities—who he believed would benefit from his care. The district court found no correlation between Cardona's diminished mental capacity and his crime, and therefore declined to sentence him, on this basis, outside the advisory imprisonment range. The court also declined to reduce Cardona's sentence so that he could care for his daughters, concluding that this was not a persuasive basis for a reduced sentence. The district court determined that Cardona faced an advisory imprisonment range of 168-210 months, and sentenced him at the bottom of that range.

On appeal Cardona challenges the reasonableness of his sentence, contending that it does not comport with the sentencing factors outlined in 18 U.S.C. § 3553(a). Specifically he argues that the district court did not adequately consider his diminished mental capacity, which limits "his ability to make judgments in his own self-interest," and prevents him from "appreciat[ing] the consequences of his actions." He also contends that his sentence is unreasonable because his two young daughters would suffer emotionally without their father at home. Finally he contends that his sentence is longer than necessary to deter him from future crime.

We review Cardona's sentence for reasonableness, considering the sentencing factors outlined in 18 U.S.C. § 3553(a). *United States v. Booker*, 543 U.S. 220, 261 (2005); *United States v. Laufle*, 433 F.3d 981, 987 (7th Cir. 2006). These factors include "the nature and circumstances of the offense and the history and

characteristics of the defendant," as well as "the need for the sentence imposed" to reflect "the seriousness of the offense," "afford adequate deterrence to criminal conduct," and "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1), (2). The district court need not make findings as to each § 3553(a) factor; rather it is "enough that the record confirms meaningful consideration of the types of factors that section 3553(a) identifies." *Laufle*, 433 F.3d at 987. A sentence that is within a properly calculated guideline range is presumptively reasonable. *See United States v. Williams*, 436 F.3d 767, 768 (7th Cir. 2006); *United States v. Mykytiuk*, 415 F.3d 606, 607-08 (7th Cir. 2005).

The district court meaningfully considered the sentencing factors set forth in 18 U.S.C. § 3553(a). The district court recognized, for instance, that Cardona's diminished mental capacity may have increased his susceptibility to the influence of others, but concluded that the evidence did not sufficiently link his mental capacity to his criminal activity and that any link would be "pure speculation." The court also considered the possibility that Cardona's children would suffer with him "locked up," but because "that happens in almost every case" where the father of young children is incarcerated, the court declined to reduce his sentence on this ground. The court also weighed the nature of Cardona's offense and his proclivity for criminal conduct, *see* 18 U.S.C. § 3553(a)(1), when it characterized his prior criminal record as "not particularly good," and noted that the number of times he sold guns and drugs "went on and on and on." Cardona does not dispute that his sentence falls within the advisory imprisonment range, and he has failed to show why his sentence is unreasonable given the district court's analysis.

AFFIRMED.