UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 15, 2006
Decided December 15, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

Nos. 05-3748 & 05-3798

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,*<br><br>    *v.*<br><br>ELIJAH HAYES & CAROL<br>GRAHAM-HAYES,<br>    *Defendants-Appellants.* | Appeals from the United States District<br>Court for the Eastern District of<br>Wisconsin.<br><br>No. 04-CR-117<br><br>J.P. Stadtmueller,<br>*Judge.* |

**O R D E R**

Husband and wife Elijah Hayes and Carol Graham-Hayes pleaded guilty to conspiring to commit bank fraud, *see* 18 U.S.C. §§ 1344(1), 1349, after federal agents executing search warrants at their Wisconsin and California residences uncovered evidence that they had opened bank and credit-card accounts using stolen identities. As part of their plea agreements, both defendants reserved the right to challenge on appeal the denials of their respective motions to suppress the fruits of those searches. Otherwise, their guilty pleas were unconditional. The district court calculated a guidelines imprisonment range of 37 to 46 months for Hayes, sentenced him to serve 40 months, and ordered him to pay $8,412.74 in restitution. For Graham-Hayes, the court calculated a guidelines imprisonment range of 51 to 63 months, sentenced her to serve 63 months, and ordered her to pay $9,607.12 in restitution. The defendants filed notices of appeal, but their appointed lawyers have moved to withdraw under *Anders v. California,* 386 U.S. 738 (1967),

because they cannot discern any nonfrivolous arguments to pursue. The defendants have filed separate responses opposing their attorneys' submissions. *See* Cir. R. 51(b). Our review is limited to the potential issues identified in counsel's facially adequate briefs and in the defendants' responses. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

The defendants were arrested in California after a chain of events that was recounted at the evidentiary hearing on their motions to suppress. In July 2002 deputy United States marshals entered the defendants' apartment in Milwaukee, Wisconsin, to execute an arrest warrant for Hayes, who was wanted for violating the conditions of his supervised release arising from a prior federal conviction. Hayes wasn't home, but while deputies were inside the apartment they noticed on the top of a desk several identification cards and Social Security numbers for persons other than the defendants. Based on this observation, the deputies obtained a warrant to search the apartment for evidence of Hayes's whereabouts. When they executed the search warrant, they seized fraudulent identification cards and paperwork from members of the public requesting copies of documents on file with the Milwaukee County Register of Deeds, where Graham-Hayes (who, like her husband, was on supervised release) worked as a secretary. The paperwork included personal information about the individuals making the requests.

The defendants, who were not home when the search warrant was executed, fled Milwaukee and eventually made their way to a relative's home in Lynnwood, California. In March 2003 Hayes mailed to the Lynnwood address an envelope addressed to one of his aliases and containing fraudulent identifications and stolen Social Security numbers. A postal employee at a mail-processing plant near Lynnwood saw two cards fall out of the envelope, which was overstuffed and torn open. The employee attempted to put the cards back in the package and noticed that they were blank Social Security cards. He also observed through the torn envelope two identification cards bearing Graham-Hayes's picture with different addresses, and a sheet of paper with a list of what appeared to be Social Security numbers. The employee brought the envelope to his supervisor, who turned it over to a postal inspector. The inspector inventoried the envelope's contents and obtained a warrant to search the Lynnwood residence listed on the envelope, contingent upon making a controlled delivery of the envelope to that residence. After the envelope was successfully delivered, agents arrested the defendants and recovered the envelope and other incriminating evidence.

In denying the motions to suppress, the district court concluded that the initial entry into the Milwaukee apartment was constitutional because the deputy marshals had an arrest warrant for Hayes and had reason to believe that he would be home at the time. The court also concluded that the documents the agents saw

in plain view in the apartment provided probable cause for the issuance of the search warrant that followed. The court further held that federal agents in California had probable cause to get a search warrant for the defendants' Lynnwood residence based on the items from Hayes's damaged envelope observed by the postal employee in that city.

In their *Anders* submissions, counsel for both defendants first consider whether their clients could argue that the initial entry into the Milwaukee apartment was unconstitutional, but conclude that such an argument would be frivolous because the deputies had reason to believe Hayes resided there and would be home. *See Payton v. New York*, 445 U.S. 573, 603 (1980) ("[F]or Fourth Amendment purposes, an arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within."); *United States v. Pallais*, 921 F.2d 684, 690 (7th Cir. 1990). In response to counsel's submission, Graham-Hayes asserts that the deputies had no reason to believe Hayes was home when they entered the apartment. But Hayes's probation officer had told the deputies he would likely be at the apartment, and the building's caretaker had recently seen Hayes there. Moreover, the deputy who led the search for Hayes testified that he believed Hayes would be home because they entered at 10:00 a.m. on a weekday and Hayes was an unemployed drug addict with no car. *See United States v. Thomas*, 429 F.3d 282, 2867, 289 (D.C. Cir. 2005) (stating that making entry before 6:30 a.m. "was reason enough" to believe suspect would be home); *United States v. Bervaldi*, 226 F.3d 1256, 1267 (11th Cir. 2000) (stating that officers who executed arrest warrant at 6:00 a.m. could presume suspect was home absent evidence regarding suspect's schedule); *Valdez v. McPheters*, 172 F.3d 1220, 1227-28 (10th Cir. 1999) (explaining that officer's knowledge that suspect was unemployed and had habit of staying out late and abusing alcohol and drugs gave reason to believe suspect would be home at noon). Thus, we agree with counsel that it would be frivolous to challenge the suppression ruling on the ground that agents had no reason to believe Hayes would be home when they attempted to execute the arrest warrant.

Next, both counsel briefly consider whether the defendants could argue that the execution of the search warrant at the Milwaukee apartment was illegal. But because there is no basis to challenge the initial entry, and because documents the deputies observed at the time in plain view provided probable cause for the search warrant, counsel properly conclude that this potential argument is frivolous. *See Horton v. Cal.*, 496 U.S. 128, 135 (1990); *United States v. Garcia*, 376 F.3d 648, 652 (7th Cir. 2004).

Both counsel next consider whether the defendants could challenge the district court's ruling that the postal employee's interception of the envelope and the subsequent search of the Lynnwood residence were constitutional. A postal worker may detain a package for a reasonable length of time upon reasonable suspicion that it contains contraband. *United States v. Ganser*, 315 F.3d 839, 843 (7th Cir. 2003). And contraband protruding from a package can provide probable cause for the issuance of a search warrant. *See United States v. Allman*, 336 F.3d 555, 555-56 (7th Cir. 2003). Here, the envelope tore open during processing, and the blank Social Security cards, multiple Social Security numbers, and two different identification cards for Graham-Hayes were in plain view when the employee picked up the envelope. That visible contraband provided probable cause to search the Lynnwood property, and so we agree with counsel that any argument about the California search would be frivolous. *See United States v. Sidwell*, 440 F.3d 865, 868 (7th Cir. 2006).

Next, both counsel address whether the defendants could challenge the validity of their guilty pleas. But counsel report that their clients wish to have their pleas vacated only if they succeed in overturning the adverse rulings on their motions to suppress. And because counsel correctly conclude that any suppression argument would be frivolous, they properly refrain from addressing the validity of the guilty pleas. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). It follows that any other pretrial matter not of jurisdictional significance is waived and thus frivolous. *See Gomez v. Berge*, 434 F.3d 940, 942 (7th Cir. 2006); *United States v. Villegas*, 388 F.3d 317, 322 (7th Cir. 2004). That would include any possible claim under the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161-67.

Counsel next consider whether there is any basis for the defendants to attack their prison sentences. Both counsel evaluate whether the defendants could argue that the district court miscalculated the loss in applying U.S.S.G. § 2B1.1(b)(1)(F). But the defendants stipulated to the loss amount in their plea agreements, so any possible appellate argument has been waived and, thus, would be frivolous. *See United States v. Siegler*, 272 F.3d 975, 978 (7th Cir. 2001); *United States v. Newman*, 148 F.3d 871, 878 (7th Cir. 1998).

Counsel for Graham-Hayes also considers whether she could challenge the two-level increase she received because the couple relocated their fraudulent scheme to California to evade law enforcement. *See* U.S.S.G. § 2B1.1(b)(9)(A). Graham-Hayes did not object to the probation officer's recommendation that she be given this increase, so our review would be limited to a search for plain error. *See United States v. Groves*, No. 05-2902, 2006 WL 3375338, *16 (7th Cir. Nov. 22, 2006). After fleeing Milwaukee, Graham-Hayes opened bank accounts in Georgia and Tennessee using false identifications, and she took with her to California a

significant amount of stolen personal and financial information.  Given these facts, counsel is right that any argument about the upward adjustment would be frivolous, no matter the standard of review.

Both counsel also ask whether the defendants could argue that their sentences are unreasonable, but properly conclude that this potential argument would be frivolous.  The defendants were sentenced to prison terms falling within the guidelines range.  Those terms would be presumed reasonable.  *See United States v. Gama-Gonzalez*, No. 06-1965 (7th Cir. Dec. 5, 2006); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005).  But even absent this presumption, *cf. United States v. Rita*, No. 05-4674, 2006 WL 1144508 (4th Cir. 2006), *cert. granted*, 75 U.S.L.W. 3243 (U.S. Nov. 3, 2006) (No. 06-5754) (granting writ of certiorari to decide if applying a presumption of reasonableness to a sentence within the range is consistent with *United States v. Booker*, 543 U.S. 220 (2005)), it would be frivolous to argue that the prison sentences are unreasonable because the district court properly considered the sentencing factors under 18 U.S.C. § 3553(a).  *See United States v. Williams*, 436 F.3d 767, 768-69 (7th Cir. 2006).  With respect to Hayes, the court considered his criminal history, *see id.* § 3553(a)(1), and the statements of his victims, and concluded that the criteria in § 3553(a)(2) justified a 40-month sentence.  For Graham-Hayes, the court found that the seriousness of her offense, *see id.* § 3553(a)(2)(A), and the need to protect the public, *see id.* § 3553(a)(2)(C), justified her 63-month sentence.  The district court did not need to recite the § 3553 factors in a "'checklist fashion,'" *United States v. Farris*, 448 F.3d 965, 969 (7th Cir. 2006) (quoting *United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005)), and it did not ignore any of the defendants' arguments for a lower sentence, *see United States v. Cunningham*, 429 F.3d 673, 676 (7th Cir. 2005).  Thus, it would be frivolous to argue that the sentence was unreasonable or that the court failed to adequately explain its reasoning in imposing the sentence.

Finally, counsel for Hayes considers whether he could challenge the district court's restitution order.  Because Hayes did not object to the restitution calculation, our review would be for plain error.  *See United States v. Thigpen*, 456 F.3d 766, 771 (2006).  Hayes himself stated in his objection to the presentence report that the actual loss was $8,412.74, *see United States v. Seward*, 272 F.3d 831, 839 (7th Cir. 2001) (noting that restitution is based on the amount of actual loss), so counsel properly concludes that it would be frivolous for Hayes to argue that the court plainly erred in calculating the restitution award.

In their Rule 51(b) submissions both defendants assert that their trial lawyers were ineffective for failing to develop facts in their favor.  But claims of ineffective assistance are better saved for collateral proceedings under 28 U.S.C.

§ 2255 where the record can be fully developed. *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Rezin*, 322 F.3d 443, 445 (7th Cir. 2003).

Accordingly, we GRANT counsel's motions to withdraw and DISMISS the appeals.