**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued December 12, 2006
Decided December 18, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-2618

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 05 CR 30164 |
| DONALD B. STOVER, *Defendant-Appellant.* | David R. Herndon, *Judge.* |

**O R D E R**

Donald Stover pleaded guilty to possessing a firearm following a felony conviction, *see* 18 U.S.C. § 922(g)(1), and the district court sentenced him to 115 months' imprisonment—the top of the guidelines imprisonment range. On appeal, Stover challenges the reasonableness of his sentence. Because the district court considered the factors set forth in 18 U.S.C. § 3553(a), and imposed a sentence that is reasonable in light of those factors, we affirm Stover's sentence.

In March 2005 a police officer in Fayetteville, Illinois, stopped the car Stover was driving because he was speeding; it turned out he was also drunk. After running Stover's name through a computer, the officer learned that a warrant had issued for his arrest on felony theft charges. Another officer arrived to provide backup, and together the officers took Stover into custody. Police searched Stover's car and found a sawed-off shotgun and two rounds of ammunition in the back of the

car.  Stover later admitted to his parole officer that he possessed the gun and said that it was a "good thing" the police stopped him when they did because he was on his way to shoot the person who stole his pit bull.

Stover—who had amassed numerous convictions for crimes including burglary, attempted armed robbery, and aggravated battery—pleaded guilty to possession of a firearm by a felon.  At sentencing the district court started with a base offense level of 26, *see* U.S.S.G. § 2K2.1(a)(1), subtracted two levels for acceptance of responsibility, *see id.* § 3E1.1(a), and granted the government's motion for a third acceptance point to acknowledge Stover's timely notification of his intent to enter a guilty plea, *see id.* § 3E1.1(b).  Stover's 22 criminal history points put him in Criminal History Category VI, which, when combined with the total offense level of 23, yielded an imprisonment range of 92 to 115 months.  After examining the factors set forth in 18 U.S.C. § 3553(a), the court imposed a sentence of 115 months' imprisonment.

On appeal, Stover first argues that presuming a sentence within the guidelines range to be reasonable is inconsistent with *United States v. Booker*, 543 U.S. 220 (2005).  He acknowledges that we have held the contrary, *see United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005), and states that he makes the argument simply to preserve it for possible Supreme Court review.  The Supreme Court has recently granted certiorari on this question, *see United States v. Rita*, 177 F. App'x 357 (4th Cir. 2006), *cert. granted*, 2006 WL 2307774 (U.S. Nov. 3, 2006) (No. 06-5754), but we need not rely on a presumption to conclude that Stover's sentence is reasonable.

Stover argues that his sentence is unreasonable in light of his difficult childhood (he was raised in a series of foster homes after his mother abandoned him and his father was imprisoned for murder), his motivation to change his life to maintain his relationships with his fiancee and their infant daughter, and the fact that he was only 17 when he amassed many of his criminal history points.  In other words, Stover asks this court to reweigh the § 3553(a) factors, even though we have repeatedly stated that we will not do so.  *See United States v. Baker*, 445 F.3d 987, 991 (7th Cir. 2006); *United States v. Newsom*, 428 F.3d 685, 686-87 (7th Cir. 2005).  The question is not how this court "would have resolved the relevant factors, but 'whether the district judge imposed the sentence he or she did for reasons that are logical and consistent with the factors set forth in section 3553(a).'" *United States v. Williams*, 436 F.3d 767, 768-69 (7th Cir. 2006) (quoting *United States v. (Amin) Williams*, 425 F.3d 478, 481 (7th Cir. 2005)).

Here, the district court expressly considered the factors Stover cites in his brief but concluded in light of the other § 3553(a) factors that a sentence at the high

end of the imprisonment range was appropriate. The court determined that Stover's offense was especially egregious given his admission that he possessed the shotgun for the purpose of shooting someone. The court also noted Stover's "absolutely horrible" criminal history and the need to deter him from further criminal conduct and protect the public from his violent behavior. Thus, the court gave ample support for its conclusion that a sentence at the high end of the guidelines range was appropriate in light of the § 3553(a) factors.

Stover also argues that he is unlikely to recidivate after serving a sentence he considers reasonable—60 months—because he would be 36 years old upon release and recidivism statistics indicate that a person is less likely to recidivate as they age. This argument is frivolous. While age makes a substantial difference in recidivism rates for people in the lower criminal history categories, a person with Stover's criminal history has a 51.3% chance of committing further crimes at age 36. *See* U.S. Sentencing Comm'n, "Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines" 12, 28 (May 2004). Statistics suggest that even after serving the 115-month sentence there would be a better than 40% chance that Stover would commit further crimes. *Id.* And statistics aside, given Stover's unusually active criminal history there is every reason for a judge to conclude that he is likely to continue his pattern of criminal activity well into his thirties and beyond. *See United States v. Bullion*, 466 F.3d 574, 577 (7th Cir. 2006).

AFFIRMED.