**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued September 12, 2006
Decided December 18, 2006

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 06-1469

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee*, | Appeal from the United States District<br>Court for the Eastern District of Wisconsin |
| *v.* | No. 04-CR-71-003 |
| RODNEY E. HARRIS,<br>*Defendant-Appellant*. | J. P. Stadtmueller,<br>*Judge*. |

**O R D E R**

Rodney Harris pleaded guilty to armed bank robbery, 18 U.S.C. § 2113(a), (d), and use of a firearm in the course of the robbery, 18 U.S.C. § 924(c). Applying the guidelines as advisory, the district court sentenced him to 80 months' imprisonment on the robbery count, at the low end of the guideline range. The court also imposed a mandatory consecutive sentence of 120 months' imprisonment for the § 924(c) conviction because the gun was fired. *See* 18 U.S.C. § 924(c)(1)(A)(iii). On appeal Harris challenges his sentence as unreasonable because, he contends, it is longer than is necessary to satisfy the factors in 18 U.S.C. § 3553(a). We affirm.

# I. Background

In 2001 Harris and a co-conspirator developed a plan to rob the Educator's Credit Union in Milwaukee. Harris and his co-conspirator identified an employee of the credit union from whom they believed they could steal the keys to the Credit Union building. They trailed this employee, who was six months pregnant, and observed her both at work and at home. On November 16, 2001, the two waited in the parking lot of the employee's apartment building for her to return. As she exited her car, Harris and his co-conspirator grabbed her. She fell to the ground during the struggle and they dragged her an undisclosed distance. While she was on the ground, Harris's co-conspirator shot her with a .45 caliber semi-automatic handgun. She suffered a graze wound to the shoulder. Harris and his co-conspirator then took her purse, which contained the keys to the credit union, and fled. They were not apprehended, however; for reasons the record does not disclose, Harris and the co-conspirator never attempted to enter the bank.

Harris was subsequently arrested for another crime, and a co-defendant in that case fingered him as being involved in the November 2001 shooting. Harris confessed to law enforcement officers that in 2001 he and his co-conspirator held up the Credit Union employee in 2001 as part of a larger plan to rob Educator's Credit Union. He also admitted that at the time of the holdup, he was aware that his co-conspirator was armed. Harris subsequently pleaded guilty to armed bank robbery, 18 U.S.C. § 2113(a), (d), and use of a firearm during the course of the robbery, 18 U.S.C. § 924(c).

In calculating Harris's imprisonment range for the robbery count, the district court began with a base offense level of 20, *see* U.S.S.G. § 2B3.1(a), and added two levels because the property of a financial institution was taken, *see id.* § 2B3.1(b)(1). The court added another three levels because the gunshot wound left a permanent scar on the employee's shoulder, *see id.* § 2B3.1(b)(3)(D), and then two additional levels because the employee was physically restrained during the robbery, *see id.* § 2B3.1(b)(4)(B). Finally, the court granted Harris a three-level reduction for acceptance of responsibility, *see id.* § 3E1.1, arriving at a total offense level of 24 and a criminal history category of IV. This yielded an advisory guidelines range of 77 to 96 months for the robbery charge. The court sentenced him to 80 months and then imposed a mandatory consecutive sentence of 120 months on the § 924(c) conviction. *See* 18 U.S.C. § 924(c)(1)(A)(iii).

## II. Analysis[1]

On appeal Harris appears to challenge the reasonableness of his sentence, contending that it does not abide by the sentencing factors outlined in 18 U.S.C. § 3553(a). He proposes that a ten-year sentence would be sufficient because it would adequately deter his criminal conduct, 18 U.S.C. § 3553(a)(2)(B); protect the public from him, § 3553(a)(2)(C); provide him with any needed educational or vocational training, medical care or other correctional treatment, § 3553(a)(2)(D); avoid unwarranted sentencing discrepancies with any defendants who have committed similar crimes and received departures, § 3553(a)(6); and acknowledge that his criminal history overstates his propensity to commit future crimes because he has changed his behavior for the better since the holdup, § 3553(a)(2)(A). But Harris misrepresents his criminal history by stating that he has had no further convictions since committing this crime. The government correctly notes in its brief that after the holdup, Harris was arrested and convicted of entry into a locked vehicle and theft.

We review Harris's sentence for reasonableness, considering the sentencing factors outlines in 18 U.S.C. § 3553(a). *United States v. Booker*, 543 U.S. 220, 261 (2005); *United States v. Laufle*, 433 F.3d 981, 987 (7th Cir. 2006). The district court need not make findings as to each § 3553(a) factor; rather it is "enough that the record confirms meaningful consideration of the types of factors that § 3553(a) identifies." *Laufle*, 433 F.3d at 987. A sentence that is within a properly calculated guideline range is presumptively reasonable. *See United States v. Williams*, 436 F.3d 767, 768 (7th Cir. 2006); *United States v. Mykytiuk*, 415 F.3d 606, 607-08 (7th Cir. 2005).

The district court considered Harris's argument that a total sentence between 120 and 144 months would fulfill the goals of § 3553(a), but concluded that assaulting and stalking a pregnant woman was "among the most serious of criminal offenses," and that while "it perhaps may not be necessary to deter you further, the message needs to get out into the community." *See* 18 U.S.C. § 3553(a)(1), (a)(2)(A), (a)(2)(B). The court then "weigh[ed] all of these factors, including the fact that the Court is obliged to impose a consecutive sentence with regard to the weapons charge" and determined that a sentence at the low end of the guidelines range was warranted. This court will not vacate a sentence just because it might have

---

[1] During oral argument we requested that the parties file supplemental briefs addressing which aspect of Mr. Harris's crime formed the basis for federal jurisdiction under 18 U.S.C. § 2113(a), (d). After reviewing the parties joint submission, we are confident that the district court had subject-matter jurisdiction over Mr. Harris because he was charged with a crime against the United States. *See* 18 U.S.C. § 3231.

imposed a different sentence, *United States v. Laufle*, 433 F.3d 981, 988 (7th Cir. 2006); *United States v. Williams*, 425 F.3d 478, 481 (7th Cir. 2005).

AFFIRMED.