UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

December 19, 2006

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 04-2279 | |
| | Appeal from the United States District |
| UNITED STATES OF AMERICA, | Court for the Northern District of |
| *Plaintiff-Appellee*, | Illinois, Eastern Division |
| | |
| *v.* | No. 03 CR 768-1 |
| | |
| SERGIO CHICHITZ-MARTIN, | Ruben Castillo, |
| *Defendant-Appellant*. | *Judge*. |

**O R D E R**

On April 27, 2005, we remanded this case under *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005), in order to ask the district judge whether he would have imposed a lesser sentence on Sergio Chichitz-Martin had he known at the time of sentencing that the federal sentencing guidelines are advisory rather than mandatory. *See United States v. Booker*, 543 U.S. 220 (2005).  The district court, after additional briefing, concluded that the original sentence remains appropriate. We invited both parties to comment on the reasonableness of the sentence, but the December 6, 2006, deadline has passed without word from either.

In January 2004 Chichitz-Martin pleaded guilty to conspiracy to possess more than five kilograms of cocaine, *see* 21 U.S.C.  §§ 846, 841(a)(1).  The district

court imposed a sentence of 135 months, the bottom of the range of 135 to 168 months.  In our April 2005 order we rejected Chichitz-Martin's arguments that the range was improperly calculated, so all that is left to decide is whether the 135-month sentence is reasonable.

We presume that the sentence is reasonable because it falls within the properly calculated guideline range. *See United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005).  And Chichitz-Martin has not rebutted the presumption by establishing that the sentence is unreasonable when measured against the factors set forth in 18 U.S.C. § 3553(a); indeed, he has not supplied us with any arguments regarding the reasonableness of his sentence.  We recognize that the Supreme Court of the United States will take up the issue of a presumption of reasonableness in *United States v. Rita*, 177 Fed. App'x 357 (4th Cir. 2006), *cert. granted*, 2006 WL 2307774 (U.S. Nov. 03, 2006) (No. 06-5754).  Even absent such a presumption, however, an argument that this sentence is unreasonable would be equally unpersuasive.  The district court gave due consideration to the § 3553(a) factors and provided a thorough, reasoned explanation for its choice of sentence.  *See, e.g., United States v. Williams*, 436 F.3d 767, 769 (7th Cir. 2006). The court weighed Chichitz-Martin's arguments for a lower sentence—his youth, his remorse, his foreign citizenship, and his lack of prior convictions—against the considerations weighing in favor of a higher sentence, such as the large drug quantity and the defendant's leadership role, and imposed a sentence at the low end of the guideline range.  We conclude that the sentence is reasonable, and, accordingly, we AFFIRM the judgment of the district court.