NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 13, 2011
Decided October 21, 2011

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 11-1213

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 10 CR 00122 |
| JOSE MARTINEZ-SANTANA | |
| a/k/a Jose Rodriguez, | Samuel Der-Yeghiayan, |
| *Defendant-Appellant.* | *Judge.* |

## O R D E R

Jose Martinez-Santana, a citizen of Mexico, was convicted in 1998 of robbery and sexual battery and removed to his home country. In 2004 he was found by a federal agent in California and was removed again. He returned a third time and was discovered by federal officers in Chicago in 2010. He pleaded guilty to unauthorized presence in the United States after removal. *See* 8 U.S.C. § 1326(a). Based on a total offense level of 21 and a criminal-history category of IV, the district court calculated a guidelines imprisonment range of 57 to 71 months and sentenced Martinez-Santana to the low end of that range.

Martinez-Santana filed a notice of appeal, but his appointed attorney has moved to withdraw on the ground that all potential appellate claims are frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Martinez-Santana has not responded to his lawyer's

submission. *See* C<small>IR</small>. R. 51(b). He did inform counsel, however, that he does not want his guilty plea set aside, so counsel properly forgoes discussion of the voluntariness of the plea or the district court's compliance with Federal Rule of Criminal Procedure 11. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). We limit our review to the potential issue identified in counsel's facially adequate brief. *See United States v. Aslan*, 644 F.3d 526, 531 (7th Cir. 2011).

Counsel discusses only one potential issue: whether Martinez-Santana could challenge his prison sentence as unreasonably high. A sentence within the guidelines range is presumptively reasonable, *Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Williams*, 436 F.3d 767, 768 (7th Cir. 2006). Counsel has not identified any ground to rebut this presumption, nor can we. The district court discussed how the factors in 18 U.S.C. § 3553(a) apply to Martinez-Santana. The court addressed factors offered in mitigation, including his alcoholism, his participation in Alcoholics Anonymous, and the potential for disparity caused by the lack of a fast-track program in the Northern District of Illinois. But the court concluded that a sentence within the guidelines range was necessary in light of Martinez-Santana's criminal history and the need to deter those who repeatedly break the law. Because the court adequately explained its sentencing decision, we agree with counsel that a reasonableness challenge would be frivolous.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.