NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 26, 2012
Decided September 26, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 12-1962

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 11-40094-001 |
| PRESTON MANNING McDOWELL, *Defendant-Appellant.* | James E. Shadid, *Chief Judge.* |

**O R D E R**

Preston McDowell, a felon, brought a handgun to a bar called "Last Chance" and pointed the weapon at a fellow patron. McDowell was arrested and pleaded guilty to possession of a firearm by a felon, 18 U.S.C. § 922(g)(1). The probation officer initially recommended sentencing McDowell under the Armed Career Criminal Act, which mandates a prison term of at least 15 years for a defendant who violates § 922(g)(1) after incurring three or more convictions for violent felonies or serious drug offenses. *See id.* § 924(e). McDowell has four convictions for aggravated battery, but his lawyer objected that not all of them meet the ACCA's definition of a violent felony, which excludes any conviction where the prosecuting jurisdiction has restored the offender's civil rights. *See id.* § 921(a)(20). Counsel observed that, after McDowell had completed his sentence for the first two batteries, the Illinois Department of Corrections sent him a letter which would

have led him to believe that his civil rights had been restored and did not warn that gun possession still was prohibited. A notice of this sort, we have said, has the practical effect of a restoration of civil rights for purposes of § 921(a)(20), and thus counsel argued that only McDowell's two most-recent batteries could count as violent felonies for the ACCA. *See United States v. Burnett*, 641 F.3d 894, 895 (7th Cir. 2011); *Buchmeier v. United States*, 581 F.3d 561, 567 (7th Cir. 2009) (en banc). The probation officer yielded to the objection and calculated a guidelines imprisonment range of 84 to 105 months, based on a total offense level of 23 and a criminal-history category of V.

At sentencing both parties agreed that the guidelines were correctly calculated. The prosecutor argued for a sentence toward the upper end of the guidelines range because, although the ACCA did not apply, McDowell still had committed four aggravated batteries and posed a significant risk of recidivism. After hearing mitigating arguments from McDowell's counsel, the district court imposed a 102-month sentence.

McDowell filed a notice of appeal, but his appointed attorney has moved to withdraw on the ground that all potential appellate claims are frivolous. *See Anders v. California*, 386 U.S. 738 (1967). McDowell has not responded to his lawyer's submission. *See* CIR. R. 51(b). He did inform counsel that he is satisfied with his guilty plea, so counsel properly foregoes discussion about the voluntariness of the plea or the district court's compliance with Federal Rule of Criminal Procedure 11. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). We limit our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Aslan*, 644 F.3d 526, 531 (7th Cir. 2011).

Counsel's brief discusses whether McDowell could challenge his prison sentence as unreasonably high and also relays McDowell's concern that the probation officer miscalculated his criminal-history category by separately counting two of his past offenses (for driving on a revoked license and possession of cocaine) even though McDowell had been sentenced for both crimes on the same day. Counsel also notes that McDowell believes it was improper for the prosecutor to discuss his near-eligibility for an ACCA sentence.

A sentence within the guidelines range is presumptively reasonable, *Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Williams*, 436 F.3d 767, 768 (7th Cir. 2006), and counsel has not identified any ground to rebut this presumption; nor can we. The district court considered the factors in 18 U.S.C. § 3553(a) and considered arguments in mitigation, including McDowell's alcoholism, his difficult upbringing, and his success in holding down a job despite those challenges. But the court concluded that a sentence at the high end of the guidelines range was necessary in light of McDowell's recidivism: He

committed the present offense only 29 days after being sentenced (to conditional discharge) on his fourth conviction for aggravated battery.

McDowell's concerns also would be frivolous if raised. The sentences he received for driving on a revoked license and cocaine possession had to be counted separately because he committed the second offense after he was arrested for the first. *See* U.S.S.G. § 4A1.2(a)(2) ("Prior sentences are always counted separately if the sentences were imposed for offenses that were separated by an intervening arrest."); *United States v. Eubanks*, 593 F.3d 645, 654–55 (7th Cir. 2010). And there was nothing improper about the prosecutor's accurate statement that McDowell had, in fact, committed four aggravated batteries; the sentencing judge was free to consider those convictions no matter how the ACCA defines violent felonies. *See* 18 U.S.C. § 3661 (allowing sentencing court to consider any evidence concerning defendant's background, character, and conduct); *United States v. Lucas*, 670 F.3d 784, 790 (7th Cir. 2012).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.