NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 5, 2012
Decided November 5, 2012

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 12-1694

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Western Division. |
| *v.* | No. 11 CR 50053-3 |
| AVERY EVANS, *Defendant-Appellant.* | Frederick J. Kapala, *Judge.* |

## O R D E R

Avery Evans participated in a scheme to create counterfeit checks using routing and account numbers stolen from the Federal Reserve Bank of Chicago. Evans' role was to use the checks to purchase merchandise from retailers (the goods were later sold for cash), and also to recruit others to do the same. He and his confederates fraudulently negotiated more than 900 checks with an aggregate face value exceeding one million dollars. After his arrest Evans pleaded guilty to wire fraud (he had knowingly caused the retailers to transmit fraudulent information to check-processing companies over telephone lines). *See* 18 U.S.C. § 1343. After calculating the guidelines range, the district court sentenced him to 78 months' imprisonment, a sentence in the middle of his guidelines range.

Evans filed a notice of appeal, but his appointed lawyer believes that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Evans has not responded to counsel's submission, *see* CIR. R. 51(b), and we limit our review to the potential issues counsel identified in his facially adequate brief, *United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002). Evans does not want his guilty plea set aside, so his counsel properly forgoes discussion of the voluntariness of the plea or the district court's compliance with Federal Rule of Criminal Procedure 11. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671–72 (7th Cir. 2002).

Counsel first considers whether Evans could argue that his sentence was procedurally flawed and properly concludes that such an argument would be frivolous. The district court correctly calculated the guidelines range (70 to 87 months' imprisonment, based on a total offense level of 25 and a criminal-history category of III), did not treat the guidelines as mandatory, and did not rely on clearly erroneous facts. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Turner*, 569 F.3d 637, 640 (7th Cir. 2009). Thus we see no basis for a procedural challenge.

Counsel's brief also considers whether Evans could challenge his 78-month sentence as unreasonable. Counsel has not identified any ground to rebut the presumption that a sentence within the guidelines range is reasonable, *see Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Williams*, 436 F.3d 767, 768 (7th Cir. 2006), nor can we. In determining Evans' sentence, the district court appropriately considered the factors in 18 U.S.C. § 3553(a), placing particular weight on the need for a sentence that would deter Evans from recidivating (Evans had four prior convictions for forgery and joined the counterfeit-check scheme almost immediately after finishing a prison sentence for bank fraud). Because the court adequately explained its sentencing decision, we agree with counsel that any challenge to the reasonableness of Evans' sentence would be frivolous.

Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.