NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 1, 2007
Decided February 5, 2007

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

No. 06-2004

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,*<br><br>    *v.*<br><br>ENRIQUE MARTINEZ,<br>    *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division<br><br>No. 04 CR 226<br><br>Ronald A. Guzmán,<br>*Judge.* |

**O R D E R**

Enrique Martinez was charged with conspiring to possess cocaine with intent to distribute, 18 U.S.C. §§ 846, 841(a)(1), after he accepted delivery of 16 kilograms of cocaine from Eddie Arauz, a police informant. Martinez entered a blind guilty plea, and the district court sentenced him to 168 months' imprisonment and five years' supervised release. Martinez filed a notice of appeal, but his appointed counsel now moves to withdraw because he is unable to discern a nonfrivolous issue to pursue. *See Anders v. California*, 386 U.S. 738 (1967). Counsel's supporting brief is facially adequate and Martinez has not responded to his attorney's motion, *see* Cir. R. 51(b), so we review only the potential issues that counsel has identified. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997) (per curiam). Martinez does not wish to withdraw his guilty plea, so counsel appropriately avoids any discussion about the voluntariness of the plea or the adequacy of the colloquy. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Counsel begins by considering whether Martinez could argue that the quantity of cocaine for which he was held responsible was incorrectly calculated. Martinez's attorney asserted at sentencing that Martinez was responsible for only 80 kilograms rather than the 104 to 128 kilograms attributed to him by the PSR. Counsel did not articulate the basis for this assertion, but presumably he had in mind the undisputed information contained in the PSR that Martinez was involved in five shipments of cocaine, with an estimated "10 to 16 kilograms per trip for the first four visits and 16 kilograms for the final trip."

The PSR's calculation that these five shipments added up to "between 104 and 128 kilograms" is indeed incorrect; based on the government's estimates, the drug quantity attributable to Martinez should have been between 56 and 80 kilograms. This error was harmless, however, because—as Martinez's counsel observed at sentencing—his base offense level of 36 encompassed a drug quantity between 50 and 100 kilograms. *See United States v. Frith*, 461 F.3d 914, 918 (7th Cir. 2006) (holding that error in calculating relevant conduct that did not affect defendant's base offense level was harmless). In any event, Martinez waived the issue when he told the district court that he had "essentially" no objections to the PSR, since the drug quantity calculation was merely "an incorrect factual piece which makes no difference in the end." Sent. Tr. at 5; *see United States v. Sensmeier*, 361 F.3d 982, 986 (7th Cir. 2004) (holding that defendants waived right to challenge calculation underlying their guidelines offense level by withdrawing objections at sentencing hearing).

Next, counsel considers whether Martinez could challenge the two-level increase he received under U.S.S.G. § 3B1.1(c) by arguing that he did not act as an organizer, leader, manager, or supervisor of criminal activity during the course of the drug conspiracy with which he was involved. Like the first potential argument, Martinez waived this argument by stating that he had no objections to the PSR. *See Knox*, 287 F.3d at 670. Even if appellate review remained available, it would be frivolous to challenge the two-level increase because Martinez directed Arauz to come to Texas when loads were ready for transport, supplied the cocaine, provided a vehicle with a secret compartment for hiding the drugs, and paid him for his help. *See* U.S.S.G. § 3B1.1, cmt. n.4; *United States v. Falcon*, 347 F.3d 1000, 1004 (7th Cir. 2003) (upholding the § 3B1.1(c) adjustment where defendant directed accomplice's travel, supplied cocaine, and provided vehicle).

Finally, counsel considers whether Martinez could argue that his sentence is unreasonable in light of the sentencing factors contained in 18 U.S.C. § 3553(a). Counsel notes that the sentence is presumed reasonable because it falls within the properly calculated guidelines range. *See United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Although the Supreme Court has recently granted a writ of certiorari to consider whether according a presumption of reasonableness to a

sentence within the guidelines range is consistent with *United States v. Booker*, 543 U.S. 220 (2005), *see United States v. Rita*, No. 05-4674, 2006 WL 1144508 (4th Cir. May 1, 2006), *cert. granted*, 127 S. Ct. 551 (U.S. Nov. 3, 2006) (No. 06-5754), the resolution of that question would not affect our conclusion that challenging Martinez's sentence would be frivolous. The district court considered the § 3553(a) factors and articulated its reasons for the sentence chosen, *see United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005), noting for instance that Martinez had a job and had never been in trouble with the law in his 48 years, but he had been involved in a serious crime—a "major drug distribution scheme"—and the public needed to be protected from that type of crime. The court then selected the lowest possible sentence within the guidelines' range. Martinez did not advance a compelling justification for a sentence below the guidelines range, and it would be frivolous for him to argue that the district court unreasonably declined to impose one.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.