**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4674**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

VICTOR A. RITA, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. William L. Osteen, District Judge. (CR-04-105)

Submitted: April 27, 2006                    Decided: May 1, 2006

Before NIEMEYER and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Matthew Martens, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Victor A. Rita appeals his jury conviction and sentence on charges of perjury, obstruction of justice and making false statements, in violation of 18 U.S.C. §§ 1623(a), 1001(a)(2), and 1503 (2000), respectively. Rita's sole issue on appeal is whether the sentence imposed by the district court was reasonable. Finding no reversible error, we affirm.

After the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), a sentencing court is no longer bound by the range prescribed by the sentencing guidelines. See United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005) (noting after Booker, sentencing courts should determine the sentencing range under the guidelines, consider the other factors under § 3553(a), and impose a reasonable sentence within the statutory maximum). However, in determining a sentence post-Booker, sentencing courts are still required to calculate and consider the guideline range prescribed thereby as well as the factors set forth in 18 U.S.C. § 3553(a) (2000). Id. We will affirm a post-Booker sentence if it is both reasonable and within the statutorily prescribed range. Id. at 546-47. We have further stated that "while we believe that the appropriate circumstances for imposing a sentence outside the guideline range will depend on the facts of individual cases, we have no reason to doubt that most sentences will continue to fall within the applicable guideline range."

- 2 -

United States v. White, 405 F.3d 208, 219 (4th Cir.), cert. denied, 126 S. Ct. 668 (2005).  Indeed, "a sentence imposed 'within the properly calculated Guidelines range . . . is presumptively reasonable.'"  United States v. Green, 436 F.3d 449, 457 (4th Cir. 2006) (citing United States v. Newsom, 428 F.3d 685, 687 (7th Cir. 2005), cert. denied, 2006 WL 271816 (2006)).

We find that the district court properly calculated the guideline range and appropriately treated the guidelines as advisory.  The court sentenced Rita only after considering the factors set forth in § 3553(a).  Based on these factors, and because the court sentenced Rita within the applicable guideline range and the statutory maximum, we find that Rita's sentence of thirty-three months' imprisonment is reasonable.

We therefore affirm Rita's conviction and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 3 -