UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued November 14, 2006
Decided December 18, 2006

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

No. 05-2598

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 04-40056-001-JLF |
| PONCEVENUS L. STOKES, *Defendant-Appellant.* | James L. Foreman, *Judge.* |

**O R D E R**

Poncevenus Stokes entered a plea of guilty to being in possession of a firearm after having been convicted of a felony, *see* 18 U.S.C. §§ 922(g)(1), 924(a)(2), and to conspiring to distribute marijuana, *see* 21 U.S.C. §§ 841(a)(1), (b)(1)(D), 846. At sentencing, the district court determined that Stokes was subject to an advisory guidelines range of 70 to 87 months' imprisonment, and sentenced him to 70 months. Stokes challenges the reasonableness of the sentence. We affirm.

## I. Background

Police officers obtained and executed a search warrant for Stokes's home after a confidential informant reported that Stokes was dealing drugs; during the search the officers found a handgun and 3.63 kilograms of marijuana. Stokes was subsequently charged with possession of a firearm after a felony conviction, *see* 18 U.S.C. §§ 922(g)(1), 924(a)(2), and conspiring to distribute marijuana, *see* 21 U.S.C.

§§ 841(a)(1), (b)(1)(D), 846; he later pleaded guilty to both charges without the benefit of a plea agreement. The probation officer prepared a presentence investigation report ("PSR"), and calculated that Stokes was subject to a guidelines range of 24 to 30 months' imprisonment. At sentencing the district court initially adopted the probation officer's calculation, but after being informed by the government that the probation officer applied an incorrect base offense level, withdrew the recommended calculation. Stating that it had "an obligation . . . to straighten the record out," the court ordered the probation officer to prepare a corrected PSR, and continued the hearing in order that the parties might have an opportunity to review the renewed PSR, and, if necessary, file objections.

The probation officer subsequently submitted a corrected PSR. In it he applied a base offense level of 20 because Stokes possessed a firearm after having previously having been convicted of a felony, *see* U.S.S.G. § 2K2.1(a)(4)(A), added a four-level upward adjustment, reasoning that Stokes possessed the handgun in connection with his drug offense, *see id.* § 2K2.1(b)(5), and applied a three-level reduction for acceptance of responsibility, *see id.* § 3E1.1(a)-(b). This resulted in a total offense level of 21, which combined with Stokes's Criminal History Category of V to yield an advisory guidelines range of 70 to 87 months.

At the continued hearing, the court heard arguments from both the government and defense counsel regarding the appropriate sentence. The government argued that a sentence within the guidelines range was appropriate, pointing out that Stokes: (1) had five prior state drug convictions; (2) was on probation for a previous state drug conviction at the time of his arrest; (3) attempted to flee when the police searched his home; and (4) stored his drugs and a handgun in his five-year-old child's bedroom. Defense counsel asked the court to sentence Stokes below the guidelines range, arguing that the incorrect guidelines calculation was brought to the court's attention at the last minute and without proper notice. Defense counsel also stated that Stokes would be able to obtain treatment for his drug dependency more easily on supervised release than in prison. The court noted its authority to impose a sentence below the range, stated that it "gave consideration" to the facts as applied to the sentencing guidelines and 18 U.S.C. § 3553, and imposed a sentence of 70 months' imprisonment at the lower end of the proper guidelines range.

## II. Analysis

On appeal, Stokes argues that the sentence imposed of 70 months is unreasonable. He asserts that the district court's initial adoption of the incorrect guidelines range at the first sentencing hearing, and its repeated statements that it relied "heavily" on the guidelines range, demonstrated that it "relied exclusively on the Sentencing Guidelines when imposing the

sentence." Stokes further argues that the district court considered only his criminal history when imposing the sentence, and thus "failed to give appropriate weight to all of the 18 U.S.C. § 3553(a) factors."

Stokes's arguments fail. Stokes concedes that the 70- to 87-month guidelines range was properly calculated, and because his sentence falls within that range, we presume that it is reasonable under *United States v. Mykytiuk*. 415 F.3d 606, 607-08 (7th Cir. 2005). Stokes cannot rebut this presumption by merely showing that the district court "relied exclusively" on the guidelines; rather, he must point to § 3553(a) factors that support a lower sentence. *See id.* This he has failed to do. Rather, he argues only that the rebuttable presumption of reasonableness announced in *Mykytiuk* conflicts with *United States v. Booker*, 543 U.S. 220 (2005), because "it has the effect of making the Guidelines mandatory, unless the defendant can show that his sentence should be outside of the Guidelines." We have repeatedly rejected this argument, holding that a rebuttable presumption of reasonableness is consistent with *Booker*. *See, e.g., United States v. Hankton*, 463 F.3d 626, 630 n.5 (7th Cir. 2006) (rejecting argument that applying rebuttable presumption renders guidelines mandatory); *United States v. Williams*, 436 F.3d 767, 769 (7th Cir. 2006) (recognizing that *Mykytiuk* avoids conflict with *Booker*).

We are mindful that the Supreme Court of the United States recently granted *certiorari* on the question of whether *Booker* allows courts of appeals to presume that a sentence is reasonable when it falls within a properly calculated guidelines range. *See United States v. Rita*, 177 F. App'x 357 (4th Cir. 2006), *cert. granted*, 2006 WL 2307774 (U.S. Nov. 03, 2006) (No. 06-5754). Be that as it may, *Rita* would not affect the outcome of this case. Even if the Court were to hold that a rebuttable presumption of reasonableness conflicts with *Booker*, we would then merely return to a pre-*Mykytiuk* inquiry about whether the sentence is reasonable pursuant to the § 3553(a) factors, *see Booker*, 543 U.S. at 261-62, 264; *United States v. Dean*, 414 F.3d 725, 728-31 (7th Cir. 2005), and Stokes has failed to demonstrate that his sentence is unreasonable in light of § 3553(a). Contrary to Stokes's assertion, the court considered the § 3553(a) factors in addition to his criminal history. *See* 18 U.S.C. § 3553(a)(1). For instance, the district court considered Stokes's history and mitigating characteristics, *see id.*, such as his acceptance of responsibility for his crimes, his sincere show of remorse for his actions, and his stated willingness to correct his mistakes; in fact, the court's comments reflected that it was very receptive to Stokes's apology and willingness to reform himself. The court also considered a variety of sentences available, *see id.* § 3553(a)(3), and also further allowed defense counsel to explain why he believed that Stokes would benefit more from a

term of supervised release rather than imprisonment.  The court did not agree, and determined that imprisonment was the best option because it would provide Stokes the opportunity to receive both treatment for his drug dependency as well as additional educational opportunities.  *See id.* § 3553(a)(4).  The court was not required to address all of the factors in a "checklist fashion," *see Dean*, 414 F.3d at 729; *United States v. George*, 403 F.3d 470, 472-73 (7th Cir. 2005), and it did not ignore any of defense counsel's arguments for a lower sentence, *see United States v. Cunningham*, 429 F.3d 673, 675 (7th Cir. 2005).  We reiterate that a sentence of 70 months that falls within the proper guidelines range is reasonable.

### III.  Conclusion

We AFFIRM Stokes's 70-month sentence.