UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 20, 2006
Decided December 22, 2006

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

No. 06-1580

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 04 CR 889 |
| NORMAN THOMAS, *Defendant-Appellant.* | Milton I. Shadur, *Judge.* |

**ORDER**

Norman Thomas pleaded guilty to conspiring to possess with intent to distribute more than 50 grams of crack. *See* 21 U.S.C. §§ 846, 841(a)(1). In a written plea agreement Thomas stipulated that the actual amount was between 500 grams and 1.5 kilograms of crack. The district court set his base offense level at 36, *see* U.S.S.G. § 2D1.1(c)(2), and subtracted two levels under the "safety valve," *see* 18 U.S.C. § 3553(f); U.S.S.G. §§ 2D1.1(b)(9), 5C1.2, and three more for acceptance of responsibility, *see* U.S.S.G. § 3E1.1. The resulting total of 31, combined with a criminal history category of I, yielded a guidelines imprisonment range of 108 to 135 months. Thomas asked for a sentence below this range, arguing primarily that the higher sentencing ranges for crack relative to powder cocaine are unfair. He also cited personal factors including his record of steady employment, difficult

childhood, and lack of recent criminal history (Thomas did have convictions that were too old to be counted in his criminal history score). The district court expressed sympathy for Thomas's position but concluded on the basis of *United States v. Pho*, 433 F.3d 53 (1st Cir. 2006), that its disagreement with Congress about the severity of the crack guidelines could not justify a sentence below the range. The court sentenced Thomas to 108 months in prison and five years of supervised release. He appeals, but his appointed counsel moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because she cannot discern a non-frivolous argument for appeal. We invited Thomas to respond, *see* Cir. Rule 51(b), though he has not. Our review is limited to the potential issues identified in counsel's facially adequate brief. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997) (per curiam).

Thomas does not want his guilty plea set aside, so counsel correctly avoids discussing the voluntariness of the plea or the adequacy of the plea colloquy. *See United States v. Knox*, 287 F.3d 667, 671–72 (7th Cir. 2002). Instead she considers whether Thomas could challenge his prison sentence as unreasonable. The chief factor she mentions is the differential between sentences for like amounts of crack and powder cocaine.

Thomas's sentence is within the guidelines range and therefore is presumptively reasonable. *United States v. Gama-Gonzalez*, No. 06-1965, 2006 WL 3490843, at *1 (7th Cir. Dec. 5, 2006); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). But even if we bypass that presumption, *see United States v. Rita*, No. 05-4674, 2006 WL 1144508 (4th Cir. May 1, 2006), *cert. granted*, 127 S. Ct. 551 (U.S. Nov. 3, 2006) (No. 06-5754), we would agree with counsel that a reasonableness argument built around the crack-to-powder ratio in the guidelines would be frivolous. As the district judge recognized, sentencing courts are forbidden from reducing a sentence simply because they disagree with the ratio. *See United States v. Jointer*, 457 F.3d 682, 686-87 (7th Cir. 2006), *petition for cert. filed*, No. 06-7600 (Oct. 27, 2006); *United States v. Miller*, 450 F.3d 270, 275 (7th Cir. 2006), *cert. denied*, 75 USLW 3267 (Dec. 11, 2006); *Pho*, 433 F.3d at 63-65. We also agree with counsel that it would be frivolous for Thomas to argue that his sentence is unreasonable based on any of the other considerations he raised to the district court. The court discussed almost all of the factors in 18 U.S.C. § 3553(a) and determined that nothing called for a below-range sentence in this case.

The only other potential issue identified by counsel is whether Thomas could challenge the district court's refusal to strike from the presentence report information about other arrests that did not lead to convictions. Thomas was concerned that the Bureau of Prisons would use these arrests to give him a higher security classification and deny him access to rehabilitative programs. But Thomas would have no basis to challenge this decision because Fed. R. Crim. P.

32(d)(2)(A)(i) requires that a defendant's prior criminal record be included in the presentence report. *See also* Office of Probation and Pretrial Services, Administrative Office of the United States Courts, *The Presentence Investigation Report, Publication 107* III-18, 24 (2006) (instructing probation officers to report arrests that do not lead to convictions in the criminal history section of the presentence report). Thomas did not contest the accuracy of his arrest record; he merely wanted it stricken so the Bureau of Prisons could not use it to decide his classification in the prison system. *See United States v. Beatty*, 9 F.3d 686, 689 (8th Cir. 1991) (sentencing court not required to strike from presentence report information about defendant's participation in murder for which he was never arrested when defendant never challenged accuracy of information but simply objected on grounds that information was irrelevant and would prejudice him in the prison system).

For the above reasons we GRANT counsel's motion and DISMISS the appeal.