NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted January 17, 2007
Decided January 18, 2007

**Before**

Hon. WILLIAM J. BAUER , *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 06-2926

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin |
| *v.* | |
| ARTHUR VANCE, *Defendant-Appellant.* | No. 06-CR-017-S-01 |
| | John C. Shabaz, *Judge.* |

**O R D E R**

Arthur Vance pleaded guilty to making a false statement to a financial institution, *see* 18 U.S.C. § 1014, and was sentenced within the guidelines range to 15 months' imprisonment and three years' supervised release.  He was also ordered to pay $38,166.84 in restitution.  Vance filed a notice of appeal, but his appointed counsel moves to withdraw because he cannot discern a nonfrivolous basis for the appeal.  *See Anders v. California*, 386 U.S. 738, 744 (1967).  We invited Vance to respond to counsel's submission, *see* Cir. Rule 51(b), but he has not.  We limit our review to the potential issues identified in counsel's facially adequate supporting brief.  *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Vance misrepresented his social security number and birth date to obtain a $7,000 loan from the Dane County Credit Union in September 1999. He previously had filed for bankruptcy, so the misrepresentations influenced the credit union's lending decision. Vance also used the same fictitious social security number and birth date to obtain a car loan for $27,300 from State Capitol Credit Union in December 1998, a credit card with a $10,000 limit from State Capitol in January 1999, and a credit card with a $10,000 limit from Dane County Credit Union in January 2000. Only the fraud involving the $7,000 loan is alleged in the count of conviction, but at sentencing the district court concluded that the other three transactions were relevant conduct because the modus operandi, i.e., using the same phony social security number and birth date to obtain credit, was identical, *see* U.S.S.G. § 1B1.3(a)(2), cmt. n.9(B).

Vance does not want his guilty plea set aside, so counsel properly omits from his *Anders* submission any discussion of the voluntariness of the plea or the adequacy of the plea colloquy. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). Counsel instead considers whether Vance could present a nonfrivolous argument that the district court miscalculated the amount of loss in applying the sentencing guidelines, or that the court imposed a prison term that is unreasonable. Counsel also evaluates a potential argument about the amount of restitution.

As to the amount of loss, counsel first considers but rejects an argument that the district court erred by counting as relevant conduct the two transactions at State Capitol Credit Union. For offenses where grouping of multiple counts would be required—which is the case with violations of § 1014, *see* U.S.S.G. § 3D1.2—relevant conduct includes other transactions "that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2) & cmt. nn.9(A), 9(B). Here, the district court concluded that the State Capitol transactions met this standard because Vance had employed the same modus operandi—he presented the same fictitious social security number and birth date on all four occasions—to obtain credit relatively close in time to obtaining the $7,000 loan at Dane County Credit Union. We agree with counsel that a challenge to the district court's conclusion would be frivolous. *See United States v. Ojomo*, 332 F.3d 485, 490 (7th Cir. 2003) (upholding sentencing court's finding that two additional student-loan applications completed using stolen identifying information were relevant conduct to four other student-loan applications underlying defendant's conviction for mail fraud); *United States v. Lane*, 323 F.3d 568, 591 (7th Cir. 2003) (upholding sentencing court's finding that identical misrepresentations made to second lender a year after conduct underlying § 1014 conviction was relevant conduct to that conviction); *United States v. Leonard*, 289 F.3d 984, 988-89 (7th Cir. 2002) (upholding finding that fraudulent tax returns defendant prepared for others using forged or altered W-2 forms were relevant conduct to her conviction for making false returns on her own behalf).

Counsel further concludes, in evaluating potential arguments about the loss amount, that it would be frivolous for Vance to contend that the district court erred by counting the face value of the car loan at State Capitol Credit Union instead of the actual loss on that loan. We agree. Although the actual loss resulting from Vance's four fraudulent transactions was $38,166.84, the guidelines instruct that intended loss must be used if it is greater, *see* U.S.S.G. § 2B1.1(b)(1), cmt. n.3(A), and in this case the district court calculated an intended loss of $57,217.07. This figure includes the $27,300 face value of the car loan from State Capitol, which should have been reduced by the value of the car that secured the loan, *see* U.S.S.G. § 2B1.1, cmt. n.3(E)(ii); *Lane*, 323 F.3d at 590 (noting that intended loss should be fixed at amount of loan less value of collateral pledged to secure loan); *United States v. Downs*, 123 F.3d 637, 642-44 (7th Cir. 1997) (interpreting U.S.S.G. § 2F1.1 (now § 2B1.1) and concluding that value of collateral must be deducted from loan amount to determine loss). We could not determine the proper figure for intended loss based on the present record, yet it is readily apparent that the court's error could not have affected Vance's imprisonment range because the overstatement of the loss amount had no impact on his total offense level. The district court added six levels using the erroneously calculated intended loss, *see* U.S.S.G. § 2B1.1(b)(1)(D) (providing six-level increase for losses greater than $30,000 but less than $70,000), but the actual loss of $38,166.84 is undisputed, and if the court had used that figure, the same six-level increase would have resulted, *see id.* Thus, the error was harmless. *See United States v. Milquette*, 214 F.3d 859, 864 n.2 (7th Cir. 2000) (explaining that error in calculating criminal history score was harmless where it did not affect criminal history category); *United States v. Newman*, 144 F.3d 531, 543-44 (7th Cir. 1998) (explaining that guidelines error is harmless if it does not affect sentence).

Counsel next considers challenging the amount of restitution but concludes that any argument would be frivolous because the amount the district court ordered Vance to pay is correct. Vance promised in his plea agreement to pay restitution "for all losses relating to the offense of conviction and all losses covered by the same course of conduct or common scheme or plan as the offense of conviction." The court properly found that the fraud committed against both lenders was part of the same course of conduct and calculated the restitution amount using the undisputed actual losses relating to those offenses, so Vance cannot present a nonfrivolous argument that the restitution amount was improper.

Finally, counsel considers whether Vance could challenge the reasonableness of his prison sentence. We agree with counsel that such an argument would be frivolous. Vance's prison term falls within the properly calculated guidelines range and is therefore presumed reasonable. *See United States v. Gama-Gonzalez*, 469 F.3d 1109, 1110 (7th Cir. 2006); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Although the Supreme Court recently granted certiorari to consider

whether it is consistent with *United States v. Booker*, 543 U.S. 220 (2005) to accord a presumption of reasonableness to a sentence within the guidelines range, *see United States v. Rita*, No. 05-4674, 2006 WL 1144508 (4th Cir. May 1, 2006), *cert. granted*, 75 U.S.L.W 3246 (U.S. Nov. 3, 2006) (No. 06-5754), we would find Vance's sentence reasonable even without the presumption. Counsel has not identified any factors within 18 U.S.C. § 3553(a) that would compel a lower sentence.

Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.