NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 1, 2007
Decided February 5, 2007

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

No. 06-2063

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin |
| *v.* | |
| | No. 05 CR 183 |
| LAUREANO CORTEZ-CRUZ,<br>    *Defendant-Appellant.* | Barbara B. Crabb,<br>*Chief Judge.* |

**O R D E R**

During the fall of 2005, Laureano Cortez-Cruz participated in three cocaine sales; unbeknownst to him, the supposed buyers were an informant and an undercover special agent working for the Drug Enforcement Administration. Cortez-Cruz and his co-defendant, Santos Lanza, were arrested during the third transaction, which involved 465 grams of cocaine. Cortez-Cruz quickly entered into a written plea agreement in which he admitted possessing the cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1); prosecutors agreed to drop the charges stemming from the first two sales, which involved much smaller quantities. He received a three-level downward adjustment for acceptance of responsibility, and was sentenced to 57 months' imprisonment, the bottom of the guidelines range.

Cortez-Cruz filed a notice of appeal, but his appointed counsel now seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he is unable to discern a nonfrivolous issue to pursue. Counsel's supporting brief is facially adequate, and Cortez-Cruz has responded to our invitation under Circuit Rule 51(b) to comment on counsel's submission. We limit our review to the potential issues identified in counsel's brief and Cortez-Cruz's response. *See United States v. Schuh*, 289 F.3d 968, 974 (7th Cir. 2002).

First, counsel informs us that Cortez-Cruz does not wish to have his guilty plea vacated "unless the district court would reduce his sentence." But it is highly unlikely that setting aside the guilty plea and allowing Cortez-Cruz to start over would result in a lower sentence; on the contrary, he would risk a *longer* sentence because he would lose the three-level reduction for acceptance of responsibility. *See United States v. Knox*, 287 F.3d 667, 670 (7th Cir. 2002). In his response to counsel's *Anders* brief, Cortez-Cruz gives no indication that he otherwise wants the plea vacated, and thus we do not further consider the voluntariness of the plea or the adequacy of the colloquy. *See id.* at 670-71.

The one potential issue that counsel identifies is whether Cortez-Cruz could argue that he should have received a lower prison sentence. Because the term falls within the properly calculated guidelines range, it is presumed reasonable, and counsel says he cannot find any basis to rebut this presumption. *See United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Although the Supreme Court recently granted a writ of certiorari to consider whether it is consistent with *United States v. Booker*, 543 U.S. 220 (2005), to afford a presumption of reasonableness to a sentence within the guidelines range, *see United States v. Rita*, No. 05-4674, 2006 WL 1144508 (4th Cir. May 1, 2006), *cert. granted*, 127 S. Ct. 551 (U.S. Nov. 3, 2006) (No. 06-5754), the resolution of that question would not affect our conclusion that any challenge to the 57-month term imposed in this case would be frivolous. The district court considered the relevant factors under 18 U.S.C. § 3553(a) and identified those having a significant effect on the choice of sentence, *see United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005). The court evaluated Cortez-Cruz's background, his family situation and work history, the seriousness of his crime, and the need to protect the public. The court found that none of the factors justified a sentence below the guidelines imprisonment range, but it imposed the lowest possible term within the range because the total quantity of cocaine for which Cortez-Cruz was responsible—551 grams—was near the bottom of the span that determined his base offense level. *See* U.S.S.G. 2D1.1(c)(7) (establishing base offense level of 26 for possession of more than 500 grams but less than two kilograms of cocaine). We thus agree with counsel that it would be frivolous for Cortez-Crus to argue that his sentence is unreasonable.

For his part, Cortez-Cruz proposes to argue that "agents and the prosecutor" promised him a "sentencing modification" in return for assistance he says he provided after he was sentenced in an investigation of persons supplying illegal "license[s] and documentation." Under Federal Rule of Criminal Procedure 35(b), the government may seek a reduction in sentence within one year of sentencing, but to date no such motion has been filed in the district court, and the deadline for Cortez-Cruz—who was sentenced on March 31, 2006—is rapidly approaching. Of course, it would be frivolous for Cortez-Cruz to press this issue on direct appeal because we would be unable to evaluate the merits of his assertions regarding events that transpired after he was sentenced. If Cortez-Cruz wishes to pursue this argument, he may file in the district court a post-judgment motion to compel the government to file a Rule 35(b) motion on his behalf. *Cf. United States v. Wilson*, 390 F.3d 1003, 1004 (7th Cir. 2004).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.