**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4742

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BRYAN LEE GIBSON,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. James A. Beaty, Jr., District Judge. (1:05-cr-00069-JAB)

Submitted: January 19, 2007          Decided: February 15, 2007

Before MOTZ, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Douglas Cannon, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bryan Lee Gibson pled guilty to possession of child pornography in violation of 18 U.S.C.A. § 2252A(a)(5)(B) (West Supp. 2006), and received a sentence of forty-six months imprisonment. Gibson appeals the sentence, contending that this circuit's decision to review sentences within a correctly calculated guideline range as presumptively reasonable renders the guidelines mandatory and is consequently unconstitutional. He also maintains that his sentence is unreasonable. We affirm.[*]

Following United States v. Booker, 543 U.S. 220 (2005), we review a sentence "to determine whether the sentence is within the statutorily prescribed range and is reasonable." United States v. Moreland, 437 F.3d 424, 433 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006) (internal quotation marks and citation omitted). "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006). "[A] defendant can only rebut the presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks and citation omitted), petition for cert. filed, __ U.S.L.W. __ (U.S. July 21, 2006) (No. 06-5439). While a district court must consider

_____

[*]We decline to hold this case in abeyance, as Gibson requests, pending a decision in United States v. Rita, 177 F. App'x 357 (4th Cir.) (unpublished), cert. granted, 127 S. Ct. 551 (2006).

the various § 3553(a) factors and explain its sentence, it need not explicitly reference § 3553 or discuss every factor on the record. <u>Johnson</u>, 445 F.3d at 345. This is particularly true when the sentence is within the applicable guideline range. <u>Id.</u> In fact, one reason that a sentence within an advisory range is presumptively reasonable is that the most salient § 3553(a) factors are already incorporated into guideline determinations. <u>Id.</u> at 342-43.

A sentence falling outside the guidelines is not presumptively unreasonable. However, if the sentence was based on an error in interpreting the guidelines or if the court provided an inadequate statement of reasons or relied on improper factors, the sentence will be unreasonable. <u>United States v. Green</u>, 436 F.3d 449, 457 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 2309 (2006). A variance justified by reasons tied to § 3553(a) generally will be reasonable. When a variance from the guidelines is substantial, we must scrutinize the reasoning more intensely. The further the sentencing court diverges from the guideline range, the more compelling the reasons for the divergence must be. <u>Moreland</u>, 437 F.3d at 434.

In light of our precedents, we find no merit in Gibson's claim that our standard of review renders the guidelines per se mandatory. We further conclude that Gibson has failed to rebut the presumption that his sentence is reasonable.

We therefore affirm the sentence imposed by the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>