**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 22, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DONRADO ANTONIO REYEZ,

Defendant-Appellant.

No. 06-2037

(D. New Mexico)

(D.C. No. CR-05-2097-WPJ)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f).  The case is therefore submitted without oral argument.

Defendant-Appellant Donrado Antonio Reyez pleaded guilty to reentry by a deported alien previously convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a)(1), (a)(2), and (b)(2).  On appeal, Reyez asks this court to

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

review only the substantive reasonableness of his sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) and **affirm**.

United States Border Patrol agents apprehended Reyez, a citizen of Mexico, about thirty-five miles west of Columbus, New Mexico, on July 14, 2005. Further investigation revealed Reyez had been deported to Mexico in April 2004 after receiving a sixty-nine month sentence in Florida in August 2001 for a state felony manslaughter conviction. Reyez admitted to the agents who apprehended him that he did not have permission to enter the United States.

At sentencing, Reyez did not contest the probation officer's calculation of his base offense level as eight or the imposition of a sixteen-level enhancement under U.S.S.G. § 2L1.2(a) and (b)(1)(A)(ii), respectively. Reyez did, however, move for downward Guidelines departures based on the circumstances of his case. He explained he reentered the United States because he had two children in the country who needed his assistance.[1] Based on his benevolent reasons for returning to the United States, he asked the court to consider a departure under § 5K2.11. He also asked the court to depart under § 4A1.3, claiming the calculation of his criminal history as category III overrepresented the seriousness

_____

[1] Reyez claimed he reentered the United States to help relieve the child-rearing burdens imposed on his children's maternal grandparents after the children's mother abandoned them. The circumstances alleged by Reyez could not be verified by the probation officer or Reyez's defense counsel.

of his prior criminal conduct. Finally, Reyez argued generally that his case was outside the heartland of cases and warranted a departure under § 5K2.0.

Providing detailed reasons for its decision, the sentencing court rejected Reyez's proffered grounds for departure and disagreed with Reyez's characterization of his case as outside the heartland. After providing a three-point departure for acceptance of responsibility, the court calculated Reyez's total offense level as twenty-one, which, combined with his criminal history points, yielded an advisory sentencing range of forty-six to fifty-seven months. The court then went on to reference the factors set out at 18 U.S.C. § 3553(a), paying particular attention to(a)(1) and (a)(2), and concluded a sentence within the Guidelines range was appropriate. The court sentenced Reyez to forty-eight months' imprisonment and recommended the government begin removal proceedings while Reyez served his prison term.

On appeal, Reyez challenges only the substantive reasonableness of his sentence under *United States v. Booker*, 543 U.S. 220 (2005), essentially asking this court to consider whether the length of the sentence imposed was fair and just. Nowhere does Reyez challenge the district court's calculation of the applicable Guidelines range or its rejection of his requested grounds for departure, nor does he argue the district court failed to consider the § 3553(a) factors. *Cf. United States v. Ruiz-Terrazas*, __ F.3d __, No. 06-2138, 2007 WL 576034, at *1 (10th Cir. Feb. 26, 2007). It is well-established in this circuit that,

when a district court sentences a defendant within a properly calculated advisory Guidelines range, the sentence is "entitled to a rebuttable presumption of reasonableness on appeal." *United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006). In this case, Reyez has not provided any argument or pointed to any evidence in the record to rebut the presumption of reasonableness. Even without the *Kristl* presumption of reasonableness, however, this court concludes Reyez's sentence was based on a reasoned and reasonable application of the sentencing court's discretion under 18 U.S.C. § 3553(a).[2] *Accord United States v. Traxler*, __ F.3d __, Nos. 05-2370, 06-2179, 2007 WL 614266, at *6 (10th Cir. Mar. 1, 2007). Accordingly, Reyez's sentence is **AFFIRMED.**

       ENTERED FOR THE COURT


       Michael R. Murphy
       Circuit Judge

---

[2]The Supreme Court recently heard oral argument in two cases which may impact the way federal appellate courts review sentences after *Booker*. *See United States v. Rita*, 177 Fed. App'x 357, *cert. granted*, 127 S. Ct. 551 (2006) (No. 06-5754); *United States v. Claiborne*, 439 F.3d 479 (8th Cir.), *cert. granted*, 127 S. Ct. 551 (2006) (No. 06-5168). Because this court determines Reyez's sentence is reasonable in light of the § 3553(a) factors, there would be no need for rehearing in the event that *Rita* or *Claiborne* modifies appellate review of district court sentences within the Guidelines range.