NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

May 9, 2007

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 01-1891

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District Court for the Eastern District of Wisconsin, |
| *Plaintiff-Appellee,* | |
| *v.* | No. 98 CR 104 |
| ANTONIO MENDEZ, also known as SPA, | Lynn Adelman, *Judge.* |
| *Defendant-Appellant.* | |

**ORDER**

Antonio Mendez appealed his conviction and sentence for racketeering and drug conspiracy charges. We affirmed his conviction, *United States v. Olson*, 450 F.3d 655 (7th Cir. 2006), and ordered a limited remand to ask whether the district court would have imposed the same sentence under an advisory regime. *United States v. Paladino,* 401 F.3d 471, 483-84 (7th Cir. 2005), *cert. denied*, 126 S. Ct. 1343 (2006). *See also United States v. Booker*, 543 U.S. 220 (2005). The district court has now indicated that it would impose the same sentence knowing that the guidelines are advisory rather than mandatory. *United States v. Mendez*, No. 98-

CR-104, 2007 WL 128340 (E.D. Wis. Jan. 11, 2007) (hereafter "Memorandum"). We invited Mendez and the United States to respond to the district court's Memorandum. Mendez did not respond. The United States urges us to affirm the sentence as reasonable given the nature of Mendez's conduct, which included murder and racketeering.

In its extraordinarily thorough seventeen-page Memorandum, the district court accepted the recommendations of the presentence report, which set the offense level at 45 and the criminal history category at V. As the government notes, this combination is "literally off the chart." That is, the relevant guidelines chart ends at level 43 with a sentencing range of life for criminal history category V. The court thus correctly found that the range for Mendez is life. The court then carefully considered the factors set forth in 18 U.S.C. § 3553(a), applying each section to Mendez's particular circumstances. After recounting the facts of Mendez's crimes, including a brutal murder and several instances of witness tampering, the court found that Mendez's "crimes were among the most serious and depraved I have seen, and defendant offers nothing persuasive in mitigation." The court concluded that a life sentence was necessary to promote just punishment because Mendez participated in the brutal murder of a teenage girl, displayed total disregard for human life, and never expressed remorse for his deeds. The court also found that no term lesser than life would adequately protect the public from Mendez, and that life imprisonment was necessary to deter Mendez from future crimes because he continued his involvement in the Latin Kings even after his imprisonment on an unrelated rape conviction. The court found the sentence necessary to deter others from committing murders for revenge. The court also noted that a life sentence for Mendez was in line with the sentences received by Mendez's co-defendants. The district court carefully considered Mendez's legal and factual arguments and found none persuasive. The court thus determined that it would have imposed the same sentence had it known the guidelines were advisory rather than mandatory.

We have held that a properly calculated guidelines sentence is entitled to a rebuttable presumption of reasonableness. *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Mendez has provided no reason to rebut that presumption, and the district court has given a very thorough analysis of the section 3553(a) factors in support of that sentence. *See United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005) (holding that the sentencing judge need only provide an adequate statement of the judge's reasoning, consistent with section 3553(a), for thinking that the sentence selected is indeed appropriate for the particular defendant). Under the law of this circuit, that is enough to affirm the sentence as reasonable.

The Supreme Court has issued a writ of certiorari to determine whether presumptions like the one adopted in *Mykytiuk* are consistent with *United States Booker*, 543 U.S. 220 (2005). *See United States v. Rita*, 177 Fed. Appx. 357 (4th Cir. 2006), *cert. granted*, 127 S. Ct. 551 (2006). We have therefore assessed the reasonableness of Mendez's sentence without applying any presumptions. *See United States v. Nitch*, 477 F. 3d 933, 937-38 (7th Cir. 2007). Without applying the *Mykytiuk* presumption, we find that the district court's choice of sentence was reasonable. The nature of Mendez's crimes, his continued criminal activity in prison, his lack of remorse, the need for specific and general deterrence, and all of the other factors detailed in the district court's Memorandum fully support a sentence of life imprisonment. We therefore affirm that sentence and the judgment of the district court.

AFFIRMED.