NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

May 9, 2007

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 01-1949

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District Court for the Eastern District of Wisconsin, |
| *Plaintiff-Appellee,* | |
| *v.* | No. 98 CR 104 |
| PEDRO MARTINEZ, also known as PISTOL PETE, | Lynn Adelman, *Judge.* |
| *Defendant-Appellant.* | |

**ORDER**

Pedro Martinez appealed his conviction and sentence for racketeering and drug conspiracy charges. We affirmed his conviction, *United States v. Olson*, 450 F.3d 655 (7th Cir. 2006), and ordered a limited remand to ask whether the district court would have imposed the same sentence under an advisory regime. *United States v. Paladino,* 401 F.3d 471, 483-84 (7th Cir. 2005), *cert. denied,* 126 S. Ct. 1343 (2006). *See also United States v. Booker*, 543 U.S. 220 (2005). The district court has now indicated that it would impose the same sentence knowing that the

guidelines are advisory rather than mandatory. *United States v. Martinez*, No. 98-CR-104, 2006 WL 2845693 (E.D. Wis. Oct. 2, 2006) (hereafter "Memorandum"). We invited Martinez and the United States to respond to the district court's Memorandum and both have now done so. The United States urges us to affirm the sentence as reasonable given the nature of Martinez's conduct, which included murder, attempted murder, solicitation to commit murder, drug trafficking, witness tampering, and racketeering. We will address Martinez's response after reviewing the findings of the district court.

In its thorough ten-page Memorandum, the district court accepted the recommendations of the presentence report, which set the offense level at 52 and the criminal history category at IV. As the government notes, this combination is "literally off the chart." That is, the relevant guidelines chart ends at level 43 with a sentencing range of life for criminal history category IV. The court thus correctly found that the range for Martinez is life. The court then carefully considered the factors set forth in 18 U.S.C. § 3553(a), applying each section to Martinez's particular circumstances. Martinez was convicted of racketeering, conspiracy to commit racketeering and conspiracy to distribute controlled substances. He was the highest ranking leader of the Milwaukee chapter of the Latin Kings from 1992 through 1994. Among the predicate acts underlying the racketeering count were conspiracy to murder, murder, attempted murder, solicitation to commit murder and witness intimidation. The evidence at trial showed that the murder was committed because the victim had offended the Latin Kings with a hand gesture the group considered disrespectful. When Martinez's co-defendant fired multiple shots into the victim's car, he did so without regard to the victim's passenger who was wounded but survived, giving rise to the attempted murder charge. After the charges in this case were filed, Martinez sought to have a cooperating witness killed. Martinez also was involved in the distribution of a large quantity of illegal drugs. Martinez argued to the district court that, immediately before the murder, he attempted to stop the shooter. The court declined to credit Martinez's version of events, finding that, rather than having a mitigated role in the killing, Martinez provided a get-away for the shooter, ordered the disposal of the murder weapon, hired a lawyer for the shooter using gang money, and had originally issued the order to beat or shoot the victim on sight because she had publicly disrespected the Latin Kings. As the court noted, "the crimes [the] defendant committed were extremely serious, and [the] defendant has offered nothing persuasive in mitigation."

The court next considered Martinez' character, finding that by the time of his original sentencing at the age of twenty-eight, he had already compiled a very serious criminal record. During his incarceration on an unrelated drug case, he committed a number of disciplinary infractions, and while jailed for the trial of this

case, he assaulted another inmate. Additionally, he dropped out of high school, fathered two children for whom he provided inadequate support, rarely worked and used illegal drugs regularly. Against these facts, the court balanced the evidence of Martinez's troubled childhood, his efforts to educate himself in prison, and his strong family ties.

Finally, the court considered whether a life sentence was necessary to satisfy the purposes of sentencing under section 3553(a)(2). The court acknowledged that a life sentence is "a most serious matter" and that a life sentence should be given only when no lesser sentence will satisfy the purposes of sentencing. The court then found that a life sentence was necessary to provide just punishment, to protect the public, to deter Martinez and others from committing further crimes. Nor would Martinez's rehabilitative needs be more effectively served by a lesser sentence. The court noted that Martinez participated in a "brutal, cold-blooded murder to avenge a slight to his gang," as well as the attempted murder and the solicitation for murder. Commenting that the most serious sentences should be reserved for the most serious crimes, the court concluded that these offenses qualified. Moreover, Martinez had displayed a wanton disregard for life and a willingness to use extreme violence for the smallest offenses; he also continued to commit violent acts in prison. The court thus found it necessary to protect society from Martinez for the longest time period possible. The court ruled that a life sentence was necessary to deter others engaged in gang activity, and that Martinez's rehabilitative needs would not be better served by a lesser sentence. The court therefore concluded that it would have imposed the same sentence had it known the guidelines were advisory rather than mandatory.

We have held that a properly calculated guidelines sentence is entitled to a rebuttable presumption of reasonableness. *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). The district court has given a very thorough analysis of the section 3553(a) factors in support of that sentence. *See United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005) (holding that the sentencing judge need only provide an adequate statement of the judge's reasoning, consistent with section 3553(a), for thinking that the sentence selected is indeed appropriate for the particular defendant). Under the law of this circuit, that would be enough to affirm the sentence as reasonable.

Martinez offers several arguments in an attempt to rebut that presumption. In his response to the court's Memorandum, Martinez argues that a life sentence is unreasonable. He contends that the district court failed to give due weight to (1) Martinez's attempt to stop the murder; (2) his troubled childhood; (3) his efforts to improve his character during his incarceration; (4) the needs of his family; (5) the statistical evidence that recidivism reduces with age; and (6) the efforts Martinez

had made to ensure that he would not commit further crimes on his release from prison. Martinez maintains that these "failures" rebut the presumption of reasonableness applied to a sentence within the guidelines range. Our review of the district court's order demonstrates that the district court considered all of these factors and simply decided on balance that a guidelines sentence of life imprisonment was warranted. There is nothing unreasonable about the district court's analysis, conclusions, or sentence. We therefore affirm the sentence and the judgment of the district court.

The Supreme Court has issued a writ of certiorari to determine whether presumptions like the one adopted in *Mykytiuk* are consistent with *United States Booker*, 543 U.S. 220 (2005). *See United States v. Rita*, 177 Fed. Appx. 357 (4th Cir. 2006), *cert. granted*, 127 S. Ct. 551 (2006). We have therefore assessed the reasonableness of Martinez's sentence without applying any presumptions. *See United States v. Nitch*, 477 F. 3d 933, 937-38 (7th Cir. 2007). Without applying the *Mykytiuk* presumption, we find that the district court's choice of sentence was reasonable. The nature of Martinez's crimes, his continued criminal activity after the charges in this case were filed, his lack of remorse, the need for specific and general deterrence, and all of the other factors detailed in the district court's Memorandum fully support a sentence of life imprisonment.

AFFIRMED.