NONPRECEDENTIAL DISPOSITION
To be cited only in accordance
with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 10, 2007
Decided May 10, 2007

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-3454

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois |
| v. | No. 06-10015-001 |
| PABLO GUADALUPE MICHEL-DURAN, *Defendant-Appellant.* | Michael M. Mihm, *Judge.* |

**O R D E R**

Pablo Michel-Duran pleaded guilty to being in the United States without permission after he was deported. *See* 8 U.S.C. § 1326(a). The district court calculated a guidelines imprisonment range of 77 to 96 months and sentenced Michel-Duran to 70 months' imprisonment and three years' supervised release. Michel-Duran filed a timely notice of appeal, but his appointed counsel now moves to withdraw because he cannot discern a nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). We invited Michel-Duran to respond to counsel's brief, *see* Cir. R. 51(b), but he has not. We therefore limit our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Michel-Duran, a Mexican citizen, entered the United States lawfully in 1993 but was deported in June 1999 after being convicted of mob action and aggravated battery in Illinois. Within two months he had returned to Illinois and was using his real name and the same social security number and Illinois driver's license he had used prior to his removal. He also had federal withholdings taken from his paychecks. And twice more he was convicted of felonies in Illinois: contributing to the delinquency of a minor in 2001, and a drug offense in 2004. In January 2006, just before Michel-Duran's term of imprisonment on the 2004 conviction ended, the Illinois Department of Corrections notified Immigrations and Customs Enforcement that he might be in the country illegally. Federal authorities then brought the § 1326(a) charge, and Michel-Duran moved to dismiss the indictment as barred by the five-year statute of limitations. *See* 18 U.S.C. § 3282. He argued that, because he reentered the United States in 1999 and thereafter used his true name and identifying information, immigration authorities could have, with reasonable diligence, discovered his presence in the United States more than five years before he was indicted. The district court denied the motion, reasoning that federal authorities are required to exercise reasonable diligence in prosecuting under § 1326(a) only after learning of the defendant's presence in the United States, and that the standard was met in the present case. Michel-Duran pleaded guilty, reserving in writing the right to challenge on appeal the denial of his motion to dismiss.

Counsel first considers whether Michel-Duran might argue that the district court erred in denying his motion to dismiss the indictment. Counsel informs us that, unless this potential argument should prove to be meritorious, Michel-Duran does not wish to have his guilty plea vacated. Thus counsel properly refrains from analyzing any other potential argument concerning Michel-Duran's guilty plea. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

The five-year statute of limitations set forth in 18 U.S.C. § 3282 governs actions brought under § 1326(a). *United States v. Gunera*, 479 F.3d 373, 376 (5th Cir. 2007); *United States v. DeLeon,* 444 F.3d 41, 51 (1st Cir. 2006); *United States v. Clarke*, 312 F.3d 1343, 1346 (11th Cir. 2002); *United States v. Acevedo*, 229 F.3d 350, 354-55 (2d Cir. 2000); *see also United States v. Rodriguez-Rodriguez*, 453 F.3d 458, 461 (7th Cir. 2006). The statute of limitations "begins to run when the crime is 'complete,'" *Clarke*, 312 F.3d at 1346, so, it began to run, for the purposes of this case anyway, when Michel-Duran was "found in" the United States. Under § 1326(a), an alien is "found in" the United States when immigration authorities "both discover[] his presence in the United States and know[] that, because of his identity and status, his presence here is illegal." *United States v. Herrera-Ordones*, 190 F.3d 504, 510 (7th Cir. 1999). Even if the government is required to use reasonable diligence in investigating whether an alien's presence is illegal, *compare id.* at 511 *with Rodriguez-Rodriguez*, 453 F.3d at 460-62, counsel correctly notes

that nothing here suggests a lack of such diligence on the part of ICE. Although Michel-Duran's counsel suggested to the district court that ICE should have discovered his illegal presence by screening state arrest or driver's records, notification to state authorities is not the same as notification to federal authorities. *See Clarke*, 312 F.3d at 1348. Nor did Michel-Duran establish that ICE could have discovered his presence through his payment of federal taxes; he did not show that ICE even had access to information regarding his payment of federal taxes, which is handled by a separate federal agency. *See Acevedo*, 229 F.3d at 355 (rejecting defendant's argument that immigration authorities were not diligent in discovering that his presence was unlawful where he did not even suggest that immigration authorities had ability to perform investigation he advocated); *Gunera*, 479 F.3d at 377 (suggesting that constructive knowledge of alien's illegal presence cannot be "attribut[ed] across distinct agencies"). Here, Michel-Duran was indicted within a week of ICE's discovery that he was back in the United States. Thus, we agree with counsel that it would be frivolous to argue that ICE did not act with reasonable diligence or that the district court erred in refusing to dismiss the indictment.

Counsel also considers whether Michel-Duran could challenge the reasonableness of his below-range prison sentence. Counsel, though, is unable to identify any factor that would have compelled a lower sentence, whether or not we presume that a sentence within the properly calculated guidelines range is reasonable. *Cf. United States v. Rita*, No. 05-4674, 2006 WL 1144508 (4th Cir. May 1, 2006), *cert. granted*, 75 U.S.L.W. 3246 (U.S. Nov. 3, 2006) (No. 06-5754). Neither has counsel identified anything that would make Michel-Duran's sentence an exception to our general observation that "[i]t is hard to conceive of below-range sentences that would be unreasonably high." *See United States v. George*, 403 F.3d 470, 473 (7th Cir. 2005). Moreover, the district court meaningfully considered the factors set forth in 18 U.S.C. § 3553(a), *see United States v. Laufle*, 433 F.3d 981, 987 (7th Cir. 2006), and addressed and rejected Michel-Duran's arguments for an even lower sentence. We thus agree with counsel that it would be frivolous to argue that Michel-Duran's sentence is unreasonable.

Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.