**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 13, 2007**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-31222
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NOAH MOORE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
No. 2:03-CR-282-ALL
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:*

Noah Moore appeals the sentence imposed following his con-
viction of conspiracy to distribute and to possess with intent to
distribute heroin.  He has also moved to relieve the Federal Public
Defender so that he may proceed <u>pro se</u> on appeal, and to permit the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

filing of additional material that he has prepared on his own.

Moore argues that the presumption of reasonableness afforded post-Booker[1] sentences by this court does not comport with the Sixth Amendment. After Booker, sentences are reviewed only for unreasonableness. United States v. Mares, 402 F.3d 511, 518 (5th Cir. 2005). "[A] sentence within a properly calculated Guideline range is presumptively reasonable." United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006). The grant of certiorari in United States v. Rita, 177 Fed. App'x 357 (4th Cir.), cert. granted, 127 S. Ct. 551 (2006), has no impact on the precedent set by Alonzo. See United States v. Short, 181 F.3d 620, 624 (5th Cir. 1999); see also Ellis v. Collins, 956 F.2d 76, 79 (5th Cir. 1992). Consequently, Moore's constitutional challenge is without merit.

Moore additionally argues that the district court gave insufficient reasons for imposing the sentence. The district court, however, imposed a sentence within the advisory guidelines range. Under such circumstances, we require little explanation of the reasons for the sentence, and we presume that the district court considered all the factors for a fair sentence. Mares, 402 F.3d at 519. As previously noted, the grant of certiorari in Rita has no impact on our precedent in this regard. See Short, 181 F.3d at 624.

Moore's motion to relieve the Federal Public Defender is denied. See United States v. Wagner, 158 F.3d 901, 902-03 (5th Cir.

---

[1] United States v. Booker, 543 U.S. 220 (2005).

1998).  Accordingly, his motion to permit the filing of materials he has prepared himself is denied.

AFFIRMED; MOTION TO RELIEVE FEDERAL PUBLIC DEFENDER DENIED; MOTION TO FILE ADDITIONAL MATERIAL DENIED.