NONPRECEDENTIAL
DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued May 22, 2007
Decided June 19, 2007

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 06-4102

|  |  |
|---|---|
| UNITED STATES OF AMERICA,  *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 06 CR 108 |
| THEODORE M. CAVETT,  *Defendant-Appellant.* | Barbara B. Crabb, *Chief Judge*. |

**O R D E R**

Theodore Cavett was charged, along with two codefendants, with four counts of distributing crack in violation of 21 U.S.C. § 841(a)(1).  Cavett pleaded guilty to count four, which charged him with distributing 50 or more grams.  Prior to sentencing, the government filed a substantial assistance motion under U.S.S.G. § 5K1.1 to reduce Cavett's advisory guidelines imprisonment range based on Cavett's early cooperation and partial role in convincing a codefendant to turn himself in to authorities.  The district court denied this motion, stating "I am not persuaded that your assistance is sufficient to warrant a downward departure, although it does warrant giving you a sentence at the lower end of the Guideline range."  The district court proceeded to sentence Cavett to 272 months' imprisonment (which did in fact fall on the low end of the advisory guidelines

range).

      Cavett appeals his sentence, alleging the district court improperly considered the factors set forth in 18 U.S.C. § 3553(a) and challenging the district court's denial of the government's substantial assistance motion.[1]  Cavett also argues that any presumption of reasonableness is inconsistent with *United States v. Booker*, 543 U.S. 220 (2005).

      Because Cavett's sentence falls within a properly calculated guidelines range, it is presumed reasonable under *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005).  We are mindful that the Supreme Court will soon decide whether it is consistent with *Booker* to afford a presumption of reasonableness to a sentence within the guidelines range.  *See United States v. Rita*, 177 F. App'x 357 (4th Cir. 2006), *cert. granted*, 127 S. Ct. 551 (U.S. Nov. 3, 2006) (No. 06-5754).  The resolution of that question, however, would not affect our conclusion that Cavett's sentence is reasonable (and that any challenge to his sentence would be frivolous).

      After giving due consideration to the arguments made by government and defense counsel, *United States v. Cunningham*, 429 F.3d 673, 678 (7th Cir. 2005), the district court consulted the relevant § 3553(a) factors and identified those having a significant effect on its choice of sentence.  *United States v. Nitch*, 477 F.3d 933, 937 (7th Cir. 2007); *United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005).  Specifically, the court noted that Cavett had "a very difficult childhood," experienced "some horrible losses in . . . life," and had difficulties finding employment.  18 U.S.C. § 3553(a)(1).  However, after the court considered that Cavett had engaged in criminal conduct for more than fifteen years, had a history of violent crime, and is a gang member and a chronic drug user, *id.*, it concluded that a sentence of 272 months was necessary to "protect the community from . . . [his] violent criminal conduct" and to reflect the seriousness of the conduct.  Based on the district court's consideration of the § 3553(a) factors, and regardless of any presumption, we are unable to say that Cavett's 272-month sentence is unreasonable.  *Dean*, 414 F.3d at 729.

      Accordingly, we AFFIRM the sentence entered by the district court.

---

    [1] Post-*Booker*, we do not review the propriety of the district court's denial of the government's motion for a downward departure but, rather, consider whether the overall sentence imposed is reasonable.  *United States v. Laufle*, 433 F.3d 981, 987 (7th Cir. 2006).